IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHNATHAN[1] J. MANNING, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-13-150-M |
| ) | |
| JOE LESTER, et al, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a pretrial detainee[2] appearing pro se, has filed this action under 42 U.S.C. § 1983 alleging various violations of his constitutional rights. Chief United States District Judge Vicki Miles-LaGrange has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). In accordance with that referral, the undersigned granted Plaintiff's application to proceed *in forma pauperis* on February 15, 2013. ECF No. 6. For the following reasons, it is

---

[1] Plaintiff uses "Johnathan" as the spelling of his first name, but the undersigned notes that the electronic docket on the Oklahoma State Courts Network and the Oklahoma Department of Corrections' electronic Offender Lookup tool use the spelling "Jonathan." The Court discovered this information using the DOC Offender Number (617458) provided by Plaintiff when he filed a notice of change of address with the Court on February 11, 2013. ECF No. 3.

[2] Although Plaintiff does stand convicted of a felony, Case No. CF-2010-6492, District Court of Oklahoma County, this action stems from his detention on pending charges in Cleveland County, Oklahoma. Case No. CF-2010-1649, District Court of Cleveland County. As a practical matter, the legal standards governing Plaintiff's claims do not differ from those that would govern such claims were he to bring them as a convicted inmate. *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009) (under Fourteenth Amendment due process clause pretrial detainees entitled to same degree of protection against denial of medical attention which applies to convicted inmates under Eighth Amendment).

recommended that this action be **DISMISSED** without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

## BACKGROUND

On April 9, 2013, the undersigned entered an order calling for a special report, ECF No. 8, wherein Plaintiff was required to submit completed service papers to the Clerk of Court by April 29, 2013, and was advised that proof of service must be provided as to each Defendant within 120 days from the date this action was filed. ECF No. 8:3-4; Fed. R. Civ. P. 4(m). As of the date of that order, 57 days had already passed since Plaintiff filed this case. Despite the Court's order of April 9, 2013, Plaintiff has taken no action to facilitate service of process.

On September 9, 2013, the undersigned entered an order to show cause why the action should not be dismissed for failure to comply with Fed. R. Civ. P. 4(m) and the April 9, 2013, court order. On that date, 210 days had passed since the filing of the action. Plaintiff was directed to either file proof of service or show cause why service had not been made, and to do so no later than September 27, 2013. The most recent review of the court file reveals that Plaintiff has still not submitted service papers, much less filed proof of service. Indeed, he has completely failed to respond to the order directing him to show good cause for his failure to do so. This case has now been pending for 281 days.

**DISCUSSION**

A plaintiff is required to serve each named defendant with a summons and a copy of the complaint, Fed. R. Civ. P. 4(c)(1), and if such service is not made within 120 days after filing the complaint, the Court may dismiss the action without prejudice as to the un-served defendants. Fed. R. Civ. P. 4(m). The Court's preliminary inquiry under Rule 4(m) is to determine if Plaintiff has shown good cause for his failure to timely effect service. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). "If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted." *Id.*

As set forth above, Plaintiff filed this action on February 11, 2013, and the 120 day time limit for service has long since expired. Furthermore, Plaintiff has not only failed to show cause for his failure to serve the Defendants, he has failed to file *any* response to the Court's order of September 9, 2013. Accordingly, the undersigned finds that Plaintiff has been given the opportunity to show good cause under Rule 4(m), and has utterly failed to do so.

The Tenth Circuit Court of Appeals has noted that a permissive extension of time may be warranted "if the applicable statute of limitations would bar the refiled action," or where "policy considerations might weigh in favor of granting a permissive extension of time . . . ." *Espinoza*, 52 F.3d at 842 (quotation and citation omitted). Additionally, as to pro se litigants, "[t]he district court should also take care to protect pro se plaintiffs

from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition." *Id.* at 842 n.8 (quotation omitted).

At this juncture, the undersigned finds that a permissive extension of time is not warranted. Plaintiff had no difficulty presenting an application for leave to proceed *in forma pauperis*, and leave was promptly granted. The statute of limitations governing Plaintiff's claims as he has presented them has not expired.[3] *See Meade v. Grubbs*, 841 F.2d 1512, 1524 (10th Cir. 1988) (A two-year statute of limitations governs § 1983 claims arising out of conduct that occurred in Oklahoma). Moreover, because Plaintiff's complaint was timely filed, Oklahoma's savings statute will provide Plaintiff with an additional period of time to bring an action against Defendants if his claims herein are dismissed pursuant to Rule 4(m). *See* Okla. Stat. tit. 12, § 100; *see also Grider v. USX Corp.*, 847 P.2d 779, 783 (Okla. 1993) (noting that Okla. Stat. tit. 12, § 100 "applies to extend the limitations period regardless whether the dismissed suit was filed in state court or federal court sitting within the state of Oklahoma."); *Williams v. City of Guthrie*, No. 03-6212, 109 Fed. Appx. 283, 286 (10th Cir. Sept. 8, 2004) (applying Oklahoma savings statute to § 1983 claim filed in federal court). Therefore, there is no reason to grant a permissive extension on statute of limitations grounds.

Finally, there does not appear to be any other policy consideration that may warrant granting Plaintiff a permissive extension of time to serve Defendants. Plaintiff has neither requested the papers necessary to begin the process of serving the

---

[3] The earliest incident referred to in Plaintiff's complaint allegedly occurred on October 31, 2012. ECF No. 1:3.

Defendants nor offered any reason for his failure to do so. Accordingly, it is recommended that Plaintiff's claims against Defendants be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

## RECOMMENDATION

Therefore, the undersigned recommends that this action be **DISMISSED** without prejudice to re-filing. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **December 6, 2013**, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72. Plaintiff is further advised that any failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010). This Report and Recommendation **disposes of all issues** referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** on November 19, 2013.

*/s/ Shon T. Erwin*
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE